**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000865
06-JAN-2014
08:04 AM**

NO. CAAP-12-0000865

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


THE BANK OF NEW YORK MELLON TRUST COMPANY,
NATIONAL ASSOCIATION, FKA THE BANK OF NEW YORK TRUST
COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE N.A.
AS TRUSTEE FOR RAMP 2005RS9, Plaintiff-Appellee,
v.
ALBERTO C. TIMOSAN, SIMPLICIA C. TIMOSAN,
ARIEL TIMOSAN, ARCHANGEL TIMOSAN and
AILYN T. OUNYOUNG, Defendants-Appellants
and
YVONNE CAPLENER, MARIO POSTRANO and
LEONILA POSTRANO, Defendants


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3RC 11-1-810K)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendants-Appellants Alberto C. Timosan, Simplicia C.
Timosan, Ariel Timosan, Archangel Timosan[1] and Ailyn Timosan
Ounyoung (collectively, Appellants) appeal from:

(1) the "Order 1) Denying Defendant's Motion To
Dismiss Filed January 10, 2012[;] 2) Granting Plaintiff's Motion
for Summary Judgment and Writ of Possession Filed November 14,
2011," the "Judgment for Possession," and the "Writ of
Possession," all entered April 27, 2012 (collectively, Summary
Judgment Order); and

---

[1]     Ariel Timosan and Archangel Timosan were dismissed as Defendants.

(2) the "Order Denying Defendants' [District Court Rules of Civil Procedure (DCRCP)] Rule 60(b)(3) and (4) Motion to Set Aside This Court's (1) April 27, 2012 Order Granting Summary Judgment And Writ of Possession, (2) April 27, 2012 Judgment For Possession, And (3) April 27, 2012 Writ of Possession, For Sanctions, And For Discovery[,]" entered September 18, 2012 (DCRCP Rule 60(b) Motion). All judgments and orders were entered in the District Court of the Third Circuit[2] (district court).

Because Appellants filed their notice of appeal on October 18, 2012, only the appeal from the DCRCP Rule 60(b) Motion is timely. See Hawai'i Rules of Appellate Procedure Rule 4(a)(1).

On appeal, Appellants contend the district court lacked subject matter jurisdiction, rendering its prior orders and judgments void, because: (1) title was at issue, depriving the district court of jurisdiction, (2) Plaintiff-Appellee Bank of New York Mellon Trust Company, National Association, FKA the Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase N.A. as Trustee for RAMP 2005RS9 (RAMP) lacked standing to pursue ejectment as a matter of law, (3) RAMP committed fraud, (4) RAMP's attorneys' affirmation was false, and (5) discovery was required on all standing issues.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Appellants' appeal is without merit.

**(1) The district court's denial of Appellants' DCRCP Rule 60(b) Motion was proper because the Summary Judgment Order was not void.**

The district court's denial of Appellants' DCRCP Rule 60(b) Motion is reviewed for abuse of discretion. See Beneficial Hawaii, Inc. v. Casey, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002). An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or

---

[2] The Honorable Joseph P. Florendo, Jr. presided.

principles of law or practice to the substantial detriment of a party litigant. See id.

DCRCP Rule 60(b)(4) provides a party relief from a "final judgment, order, or proceeding . . . [if] . . . the judgment is void[.]" A judgment is void "if the court that rendered it lacked jurisdiction of . . . the subject matter . . . ." Application of Hana Ranch Co., 3 Haw. App. 141, 146, 642 P.2d 938, 941 (1982).

Appellants contend the Summary Judgment Order is void for lack of subject matter jurisdiction because (1) Appellants presented a question of title to the district court, and (2) RAMP lacked standing to bring the summary possession and ejectment action. We conclude the denial was not erroneous, in that the district court had subject matter jurisdiction and RAMP had standing.

(a) **The district court had subject matter jurisdiction.**

Hawaii Revised Statutes (HRS) § 604-5(d) (Supp. 2012) precludes district courts from exercising jurisdiction "in which the title to real estate comes in question[.]" If a defendant in an ejectment action seeks to raise a defense to the court's jurisdiction on the ground that title to real estate is in dispute, the defendant must comply with DCRCP Rule 12.1.[3] See Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawai'i 32, 33, 265 P.3d 1128, 1129 (2011). DCRCP Rule 12.1 aims to prevent abuse of HRS § 604-5(d) by requiring an affidavit describing the claim to

---

[3]   DCRCP Rule 12.1 provides:

**Rule 12.1   DEFENSE OF TITLE IN DISTRICT COURTS.**

**Pleadings.** Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

title with specificity. Peelua, 126 Hawai'i at 36, 265 P.3d at 1132. Bare assertions that title is at issue are insufficient to divest the district court of jurisdiction. Id. at 38, 265 P.3d at 1134. Appellants contend they satisfied the requirements of DCRCP Rule 12.1 by "pointing out that there were deficiencies in how [RAMP] acquired title to their note and mortgage."

In opposition to the summary possession and ejectment action, Alberta and Simplicia asserted three main claims:

(1) the "Mortgagee's Grant Deed Pursuant to Power of Sale" raises a question of fact about whether the note was assigned or delivered to RAMP, and cites Carpenter v. Longan, 83 U.S. 271, 274 (1872) for the proposition that the "note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity[;]"

(2) based on the record, a genuine issue of material fact exists regarding whether RAMP is the "lawful owner and holder of the note and/or mortgage[;]" and

(3) RAMP did not prove it has any rights as holder to enforce the note or mortgage per HRS § 490:3-301 (2008 Repl.) or UCC Article 3 §§ 3-301, 3-302.

In opposition to the action for summary possession and ejectment, Ounyoung asserted three main claims:

(1) a genuine issue of material fact exists regarding whether RAMP holds good title to the Property because RAMP did not "have proper Chain of Title;

(2) a question exists "as to whom has the right proper quitclaim deed, [Ounyoung or RAMP;]" and

(3) the district court lacked subject matter jurisdiction.

In opposition to RAMP's proposed order denying Ounyoung's motion to dismiss and granting RAMP's motion for summary judgment, Ounyoung asserted:

(1) RAMP lacked "standing to foreclose and is not the holder in due course evidence by the promissory note[;]" and

4

(2) the district court lacked "subject matter jurisdiction under [DCRCP] Rule 12.1 based upon [Ounyoung] having special interest on title."

Ounyoung submitted what appears to be a title report to the district court. Significantly, however, no affidavit appears of record regarding the source, nature, and extent of the title to the Property claimed by any Appellant. Because Appellants failed to submit an affidavit per DCRCP Rule 12.1, they could not raise a title dispute as a defense. See State ex rel. Dep't of Hawaiian Home Lands v. Pedro, No. CAAP-12-0000444 (App. June 28, 2013) (SDO) (holding defendants failed to submit, at any time, an affidavit providing the particulars about the source, nature or extent of their claim to title and thus could not raise a title dispute as a defense). Furthermore, Appellant's failed to sufficiently identify the source, nature, and extent of the title claimed.

To satisfy DCRCP Rule 12.1, a defendant's affidavit must identify a claimed interest in the subject property existing "at the time a defense under DCRCP Rule 12.1 is raised." Peelua, 126 Hawai'i at 38 n.14, 265 P.3d at 1134 n.14. So while a title report may identify the source, nature, and extent of title once held, it does not identify an existing interest where the subject property has been conveyed through a non-judicial foreclosure sale. To meet the requirements of DCRCP Rule 12.1 in such a situation, as here, defendants must specifically identify a claim to title that survives the non-judicial foreclosure. See generally U.S. Bank Nat'l Ass'n v. Castro, SCWC-11-0001104, SCWC-11-0001105, 2013 WL 5967013 (Haw. Nov. 8, 2013).

In the case at bar, Appellants failed to identify the alleged break in RAMP's chain of title with any specificity. See id. at *11 ("Permitting the type of vague, speculative hypotheticals of a defect in the chain of title that the [defendants] assert would contravene the purpose of [DCRCP Rule 12.1], which is to apprise the court fully of the nature of the defendant's claim[.]" (citation and internal quotation marks omitted)). The bare assertion that RAMP lacked standing to foreclose is too speculative to sufficiently apprise the district

5

court of the claimed interest in the Property. See Fed. Nat'l Mortg. Ass'n v. Medeiros, No. CAAP-12-0000024 at *3 (App. May 7, 2013) (mem.) ("The declaration simply asserts that there was an 'apparent violation of Federal law,' but as in Peelua, without further detail it cannot be ascertained how or whether the allegation has any bearing on title to the property.")

**(b)  RAMP had standing to pursue ejectment.**

Appellants' DCRCP Rule 60(b) Motion contended the Summary Judgment Order was void and should be set aside under DCRCP Rule 60(b)(4) because RAMP was not a holder of the note and therefore lacked standing to pursue ejectment as a matter of law. A plaintiff has the right to bring suit, and thus standing, when "(1) the plaintiff has suffered an actual or threatened injury as a result of the defendant's wrongful conduct, (2) the injury is fairly traceable to the defendant's actions, and (3) a favorable decision would likely provide relief for a plaintiff's injury." See IndyMac Bank v. Miguel, 117 Hawai'i 506, 512, 184 P.3d 821, 827 (App. 2008) (citation, internal quotation marks, and brackets omitted). If a party lacks standing, the court is without subject matter jurisdiction to decide the action. See id.

Appellants contend:

> Under the common law, a "mortgagee" or person entitled to enforce a mortgage must also be the holder of the secured promissory note. Generally, possession of an indorsed promissory note, in compliance with the requirements of Article III of the Uniform Commercial Code (adopted in Hawaii as Chapter 490:3) is essential before an entity may conduct a foreclosure. However, the Timosans and Ounyoung maintained that [RAMP] was not the holder of their promissory note at the time of the nonjudicial foreclosure. The disputed Assignment of Mortgage is wholly insufficient to establish this elemental fact.

This contention posits that RAMP did not suffer an actual injury because RAMP did not hold good title to the Property. This contention is without merit because Hawai'i's former non-judicial foreclosure act does not require a mortgagee to affirmatively prove that it holds the note. See Pascual v. Aurora Loan Services, LLC, CIV. No. 10-00759 JMS-KS, 2012 WL 3583530 at *3 (D. Haw. Aug. 20, 2012) ("According to its plain language, HRS § 667-5 contains no requirement that a mortgagee affirmatively prove that it holds the note.").

6

Appellants also contend the original lender's bankruptcy invalidated the assignment of the mortgage on the Property from Mortgage Electronic Registration Systems, Inc., nominee for the original lender, to the Bank of New York, RAMP's predecessor in interest. This contention is also without merit. Appellants produced no evidence that the assignment violated the bankruptcy stay, alleging only that the assignment occurred sometime after the original lender filed for bankruptcy. A nominee's assignment of a mortgage while the principal is in bankruptcy does not automatically violate 11 U.S.C. § 362. See Pascual v. Aurora Loan Services, LLC, CIV. No. 10-00759 JMS-KSC, 2012 WL 2355531 (D. Haw. June 19, 2012) reconsideration denied, CIV. No. 10-00759 JMS-KSC, 2012 WL 3583530 (D. Haw. Aug. 20, 2012) ("Assuming that Plaintiffs' mortgage loan was part of [the lender's] bankruptcy estate, [] [the lender's] filing of Chapter 11 bankruptcy permitted it to continue to operate its business in the ordinary course.") (citing 11 U.S.C. §§ 1107(a), 1108).

Additionally, where a mortgage instrument assigns transfer rights to the nominee before the principal filed for bankruptcy, as here, the principal's subsequent bankruptcy filing does not automatically invalidate the nominee's assignment. See Camat v. Fed. Nat'l Mortg. Ass'n, CIV. No. 12-00149 SOM/BMK, 2012 WL 2370201 at *7 (D. Haw. June 22, 2012) (holding homeowner's contention, that the assignment of a mortgage by a nominee for lender was invalid because the assignment occurred while lender was in bankruptcy, was without a factual basis because the lender's "bankruptcy did not on its own affect the validity of the assignment because [the lender] transferred its beneficial interest in the mortgage to [the nominee] before instituting the bankruptcy proceedings.").

In support of its "Motion for Summary Judgment And Writ Of Possession" RAMP attached its "Mortgagee's Affidavit Of Foreclosure Under Power Of Sale," "Mortgagee's Grant Deed Pursuant To Power Of Sale," the Mortgage, and two recorded mortgage assignments. Based on this record, we conclude RAMP held good title to the Property and therefore suffered actual, redressable injury when Appellants refused to vacate. See

7

generally <u>Wells Fargo Bank, N.A. v. Himalaya-Fidele</u>, No. 29905 (App. April 30, 2013) (SDO).

**(2) The district court did not abuse its discretion when it denied Appellants' DCRCP Rule 60(b) Motion because Appellants failed to present competent evidence of fraud.**

DCRCP Rule 60(b)(3) provides relief from a judgment if the judgment was procured through intrinsic or extrinsic fraud, misrepresentation, or other misconduct of an adverse party. <u>See</u> DCRCP Rule 60(b)(3); <u>see</u> <u>also</u> <u>Kawamata Farms, Inc. v. United Agri Products</u>, 86 Hawai'i 214, 251, 948 P.2d 1055, 1092 (1997).[4] <u>Kawamata Farms</u> explained the burden a Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b)(3) movant must satisfy for the judgment to be set aside:

> HRCP Rule 60(b)(3) is essentially identical to Federal Rule of Civil Procedure (FRCP) Rule 60(b)(3). Where we have patterned a rule of procedure after an equivalent rule within the FRCP, interpretations of the rule "by the federal courts are deemed to be highly persuasive in the reasoning of this court." *Harada v. Burns*, 50 Haw. 528, 532, 445 P.2d 376, 380 (1968) (footnote omitted). According to the United States Court of Appeals for the Ninth Circuit, "[u]nder [FRCP] Rule 60(b)(3), the movant must, <u>(1) prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct</u> [, and] <u>(2) establish that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense.</u>" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878–79 (9th Cir.1990) (citation and internal quotation marks omitted) [.]

<u>Kawamata Farms</u>, 86 Hawai'i at 251-52, 948 P.2d at 1092-93. (Emphasis added.) The district court found Appellants failed to satisfy both requirements.

Appellants alleged RAMP knew its title to the Property was not good and therefore, RAMP's "knowingly contrary affirmations constitute fraud not only upon Movants, but upon [the district court.]" As previously discussed, Appellants' attack of RAMP's title to the Property is without merit; so too are Appellants' related claims of fraud.

---

[4] We note that the text of HRCP Rule 60(b) and DCRCP Rule 60(b) are materially alike. <u>See</u> <u>Bank of Hawaii v. Shaw</u>, 83 Hawai'i 50, 55, 924 P.2d 544, 549 (App. 1996).

**(3) RAMP's attorneys' affirmation.**

Appellants contend RAMP's attorneys submitted an "affirmation at the beginning of the case that was clearly false." Appellants' contention that the affirmation was false appears to be based on Appellants' claim that RAMP did not hold good title, which as previously discussed, is without merit.

**(4) Discovery was not required on all standing issues.**

Appellants contend discovery "was obviously warranted . . . to determine the real standing/jurisdictional facts of this case[.]" This claim again appears to be based on Appellants' claim that RAMP did not hold good title, which is without merit.

Therefore,

IT IS HEREBY ORDERED that "Order Denying Defendants' Rule 60(b)(3) and (4) Motion to Set Aside This Court's (1) April 27, 2012 Order Granting Summary Judgment And Writ of Possession, (2) April 27, 2012 Judgment For Possession, And (3) April 27, 2012 Writ of Possession, For Sanctions, And For Discovery" entered September 18, 2012 in the District Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 6, 2014.

On the briefs:

Gary Victor Dubin
Fred J. Arensmeyer
(Dubin Law Offices)
for Defendants-Appellants.

Charles R. Prather
Sofia M. Hirosane
(RCO Hawaii)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge